UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN | * | CIVIL ACTION |
| INSURANCE COMPANY | * | |
| | * | |
| VERSUS | * | NO. |
| | * | |
| MEDSTAFF, INC. AND | * | JUDGE |
| GRANNY'S ALLIANCE HOLDINGS, | * | MAGISTRATE |
| INC. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGEMENT AND OTHER RELIEF

Landmark American Insurance Company ("Landmark"), Plaintiff, through its counsel of record, avers and represents as follows:

## PARTIES

1.    Landmark is an insurance company organized under the laws of the State of Oklahoma with its principal place of business in the State of Georgia.

2.    Landmark is licensed to engage in surplus lines insurance business in the State of Louisiana.

3.    Landmark is a subsidiary and part of RSUI Group, Inc.

4.    MedStaff, Inc. ("MedStaff"), a corporation organized under the laws of the State of Louisiana and with its principal place of business in that State, is made a Defendant herein.

5.    Granny's Alliance Holdings, Inc. ("Granny's"), a corporation organized under the laws of the State of Idaho and with its principal place of business in that State, is made a Defendant herein.

1

6.       Granny's has been authorized to do and doing business in the State of Louisiana since at least March 18, 2011, when Granny's was qualified by the Louisiana Secretary of State to do business in the State of Louisiana.

## JURISDICTION AND VENUE

7.       Landmark seeks a declaratory judgment as set forth herein in accordance with Rule 57 of the Federal Rules of Civil Procedure, 28 USC §2201 *et seq*., and any other applicable law.  Landmark further seeks any other relief allowed by law based on the claims and statements included in this Complaint.

8.       28 U.S.C. §1332(a) provides that district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between "citizens of different states."

9.       This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 and any other applicable law because Landmark's state of incorporation and its principal place of business are both different than and diverse from Defendants' respective states of incorporation and principal places of business.

10.      The amount in controversy between the parties reasonably exceeds $75,000.00 exclusive of fees, costs and interest.

11.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and any other applicable law because: a substantial part of the circumstances, events or omissions giving rise to the claims and matters described herein occurred in the Western District of Louisiana; the insurance policy at issue was issued to Med-Express Ambulance Service, Inc. ("Med-Express"), a Louisiana corporation, and delivered to Med-Express within this judicial district and division;

MedStaff is listed as an additional named insured under the policy at issue; the principal places of business of MedStaff and Med-Express are located within this judicial district; Granny's is authorized to do, has done and upon information and belief is doing business within this judicial district; and, Med-Express' insurance agent and broker, Louisiana Companies, is located in the State of Louisiana and representatives from that company's office in Lafayette, Louisiana were involved with procuring the Landmark Policy and any amendments or endorsements thereto

**FACTUAL BACKGROUND**

12.     Landmark issued Commercial Lines Combination Policy Number LHC734843 to Med-Express Ambulance Service, Inc. with a policy term from July 1, 2012 to July 1, 2013, which term is subject to the endorsements, exclusions, terms and conditions set forth therein (the "Landmark Policy").

13.     The Landmark Policy contains two coverage parts, a Commercial General Liability Coverage Form ("CPL Coverage Part") and an Medical Professional Liability Coverage Part ("MPL Coverage Part")

14.     On or about May 15, 2014, Med-Express filed a Voluntary Petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Western District of Louisiana, Docket No. 14-80510 ("Med-Express Bankruptcy").

15.     Upon information and belief, MedStaff has not filed for bankruptcy relief, and has not been not directly involved with the Med-Express Bankruptcy.

16.     The Declarations Page of the Landmark Policy lists and identifies "Ambulance Service, EMT Training and DME Provider" as the Business Description for Med-Express.

17.     The Business Description of "Ambulance Service, EMT Training and DME Provider" applies to both the CGL Coverage Part and the MPL Coverage Part.

18.     Endorsement No. 14 lists MedStaff as a "Named Insured" under the Landmark Policy, in addition to Med-Express, subject to the terms and conditions set forth therein.

19.     Prior to the issuance of the Landmark Policy, MedStaff and Med-Express did not disclose to Landmark that those companies furnished or provided any type of security or similar services as part of those companies' business.

20.     Upon information and belief, prior to the issuance of the Landmark Policy, MedStaff and Med-Express did not perform or provide any type of security or similar services as part of those companies' business.

21.     A company that provides or furnishes security and similar services as part of its business and operations poses and presents unique risks and potential exposure that materially affect the underwriting and materially increase the premiums charged for any insurance that includes any potential coverage for such risks and exposure.

22.     Upon information and belief, Ellen R. Moreno, CISR ("Moreno") and others with the Louisiana Companies acted as the insurance agent and retail broker for Med-Express in connection with the procurement, issuance and amendment of the Landmark Policy.

23.     Upon information and belief, Gresham & Associates, Inc. acted as the wholesale broker for the issuance and amendment of the Landmark Policy.

24.     Between November 7, 2012 and November 13, 2012, Moreno exchanged emails with Michelle Brewer and Lynette Gibbs of Gresham & Associates, Inc. regarding MedStaff's performance of "shelter work in New Jersey" and providing "access control personnel (clerical

check in person) who will check the id of individuals coming in and out and there will be EMTs and nurses running first aid" for a"[p]roject [that] should last 15 days."

25.     Between November 12, 2012 and November 13, 2012, Michelle Brewer exchanged emails with Amanda Wilbanks, CPCU, RPLU, an underwriter with RSUI Group, Inc., regarding the subjects described in the preceding paragraph.

26.     On November 14, 2012, following the exchange of the emails described in the preceding two paragraphs, Landmark issued Endorsement No. 26 which added Granny's Alliance as an additional insured under the CGL Coverage Part, *but not under the MPL Coverage Part*.   Granny's Alliance was added as an additional insured "but only with respect to liability for 'bodily injury', 'property damage', or 'personal and advertising injury caused, in whole or in part, by your acts or omissions or those acting on your behalf: A. In the performance of your ongoing operations; or B. In connection with your premises owned by or rented to you." Endorsement No. 26 has an effective date of November 5, 2012.

27.     On November 14, 2012, following the exchange of the emails described in the preceding three paragraphs, Landmark issued Endorsement No. 27 to the Landmark Policy, which amended the Business Description of the Landmark Policy to include "Non-Emergency First Aid Services", in addition to "Ambulance Service, EMT Training and DME Provider." Endorsement No. 27 provides a retroactive date of November 5, 2012 for the Non-Emergency First Aid Services under the CGL Coverage Part and the MPL Coverage Part, and a retroactive date of July 1, 2008 for Ambulance Service, EMT Training and DME Provider under both the CGL Coverage Part  and  the MPL Coverage Part.  Endorsement No. 27  has an effective date of

November 5, 2012, and further provides "All other terms, conditions and warranties remaining unchanged."

28.     Prior to the issuance of Endorsement Nos. 26 and 27 on November 14, 2012, Med-Express and MedStaff failed to disclose to Landmark that MedStaff had performed or would be performing security or similar services as part of Med-Express or MedStaff's business, or with respect to any other work described in the emails referenced in the preceding paragraphs.

29.     The Landmark Policy and Endorsements Nos. 26 and 27 did not include, and were not intended to cover, any liability arising out of MedStaff's use, employment or furnishing of personnel to perform or provide any type of security or similar services.

30.     On or about April 12, 2013, Landmark received notice of an April 3, 2013 letter sent by James Pagliuca of the Gill & Chamas, LLC law firm of Woodridge, New Jersey to MSI Safety Solutions regarding that law firm's representation of Nelson Flesch "with reference to an assault that took place on November 12, 2012 at the 'Tent City', the former location of the GM plant set up at 1106 West Edgar Road, Linden, New Jersey." The April 3, 2013 letter from Mr. Pagliuca further stated that "Mr. Flesch was assaulted by Anthony Urbaeznina."

31.     The Tent City location at 1106 West Edgar Road, Linden, New Jersey, may also be referred to herein as the "Linden Site."

32.     Landmark had no knowledge or information of the incident described in the two preceding paragraphs prior to April 12, 2013.

33.     After April 12, 2013, Landmark, for the first time, received information and documents sent by or on behalf of MedStaff and/or Med-Express regarding an Agreement and an

Addendum involving MedStaff and Granny's whereby MedStaff agreed to provide security services and similar work at the Linden site.

34.     Upon information and belief, prior to November 12, 2012, the State of New Jersey contracted with Granny's to construct and operate the "Tent City" as a temporary site to be utilized by 4,000 utility workers for housing and meals following Hurricane Sandy at the Linden Site.

35.     Upon information and belief, on or prior to October 31, 2012, Granny's contacted MedStaff and requested that MedStaff perform or provide certain work or services that Granny's agreed to perform or provide by reason of Granny's contract with the State of New Jersey, including MedStaff providing and performing security services for the Linden Site.

36.     Upon information and belief, between October 31, 2012 and November 11, 2012, Marc Majors, and others employed by MedStaff, were involved in communications with Granny's that included discussions about MedStaff providing and performing security services at the Linden Site and two other sites in New Jersey.

37.     On October 31, 2012, Marc Majors of MedStaff sent an email to Granny's about MedStaff providing "non-armed uniformed guards, one shift leader per 12 hour shift coordinating tasks with local law enforcement and/or NJ National Guard."

38.     On November 1, 2012, Marc Majors of MedStaff sent an email to Granny's that described MedStaff's proposed security staffing as follows:

> [E]ach site will have 10 unarmed security personnel, I am assuming there will be 3-4 points of entry at each site, at least 2 perimeter guards, 2 site grounds guards, and a supervisor. This will provide 1 relief to rotate for breaks or alternate staffing. This staff will work 12 hour shifts. They will have high visibility uniforms easily identifying them and reflective vests.

Mr. Majors' November 1, 2012 email further states "the cost for the security is $55/hour for each FT."

39.    On November 11, 2012, Marc Majors of MedStaff, and Susan Heisey of Granny's, signed an Agreement and an Addendum on behalf of their respective companies whereby MedStaff agreed to provide certain services at three different sites in New Jersey (including the Linden Site) following the state of emergency declared in parts of New Jersey after Hurricane Sandy.

40.    The Agreement and the Addendum (attached hereto as Exhibit 1) include the following job classifications for the personnel and services to be provided or furnished by MedStaff: "basic security, additional basic security augmentation, basic medical staff, and additional basic medical staff augmentation."

41.    Upon information and belief, MedStaff and/or Med-Express knowingly, purposefully or recklessly failed to disclose, or knowingly, deliberately or recklessly omitted disclosing, accurate and material information to Landmark regarding the nature and scope of the work and services to be provided by MedStaff in connection with the work and services described in Exhibit 1.

42.    Upon information and belief, MedStaff and/or Med-Express knowingly, purposefully or recklessly failed to disclose, or knowingly, deliberately or recklessly omitted disclosing, accurate and material information to Landmark that MedStaff had agreed to furnish and provide "basic security" and "additional basic security augmentation" in MedStaff's contract with Granny's.

43.     Had MedStaff and/or Med-Express disclosed to Landmark on or prior to the issuance of Endorsements No. 26 and 27 that MedStaff had agreed to furnish and provide "basic security" and "additional basic security augmentation" in MedStaff's contract with Granny's, or had agreed to perform or was furnishing such services, Landmark would not have issued Endorsements Nos. 26 and 27.

44.     On or about November 13, 2014, Nelson Flesch filed a lawsuit in the Superior Court of New Jersey Law Division, Monmouth County, Docket No. L-4257-14, and named the following parties as defendants: Response Force1 Corp., Response Force1 Security Solutions, Inc., Granny's Alliance Holdings, Inc., MedExpress Companies a.k.a. MedStaff, Inc a.k.a. MSI Safety Solutions, Disaster Management Group, LLC, Edward Minyard, Susan Heisey, Mak Majors, Anthony M. Urbaeznina a.k.a. Anthony Romeo Urbaez Nina a.k.a. Anthony Urbaez, Duke Realty Corporation, Linden Development, LLC and RETA, LLC, which lawsuit may be referred to herein as the "Flesch Lawsuit."

45.     On or about January 21, 2015, Granny's filed its Answer in the Flesch Lawsuit and included a Cross-Claim alternatively seeking contribution and/or indemnification against all co-defendants, including MedStaff ("Granny's Cross-Claim").

46.     On or about February 20, 2015, a Stipulation of Dismissal without Prejudice was filed with respect to the claims against Mark Majors, MedExpress Companies and MSI Safety Solutions in the Flesch Lawsuit.

**REQUEST FOR DECLARATORY AND OTHER RELIEF**

47.     Landmark seeks and requests the entry of a judgment granting all, or alternatively certain of the following, declaratory and other relief regarding the Landmark Policy, the Flesch

Lawsuit, Granny's Cross-Claim and the other circumstances and matters described herein:

48.     Based on the terms, conditions, exclusions and endorsements of the Landmark Policy, which are adopted and referenced as if copied herein, Landmark has no duty to furnish a defense to MedStaff, Granny's and/or any other individual or entity in connection with the claims set forth in the Flesch Lawsuit and/or the Cross-Claim filed by Granny's, or otherwise.

49.     Based on the terms, conditions, exclusions and endorsements of the Landmark Policy, Landmark has no duty to indemnify MedStaff, Granny's and/or any other individual entity in connection with the claims set forth in the Flesch Lawsuit and/or the Cross-Claim filed by Granny's, or otherwise.

50.     The Landmark Policy does not cover or apply to any security services or related security activities that MedStaff may have provided or furnished, or agreed to provide or furnish, on behalf of Granny's at the Linden Site, as described in the Flesch Lawsuit, Granny's Cross-Claim or otherwise.

51.     Prior to the issuance of Endorsement Nos. 26 and 27 described herein, MedStaff, and/or Med-Express knowingly, purposefully or recklessly failed to disclose to Landmark that MedStaff agreed to provide and furnished security services at the Linden Site on behalf of Granny's.

52.     Had MedStaff and/or Med-Express disclosed to Landmark on or prior to the issuance of Endorsements No. 26 and 27 that MedStaff agreed to provide and furnished security services at the Linden Site on behalf of Granny's, Landmark would not have issued Endorsements Nos. 26 and 27, described above.

53.    Endorsements Nos. 26 and 27 of the Landmark Policy should be canceled, rescinded and set aside due to the material omissions and material misrepresentations involving MedStaff and/or Med-Express regarding MedStaff's agreement to provide, and its actual furnishing of, security services at the Linden Site and other sites on behalf of Granny's.

54.    The entry of a Declaratory Judgment regarding the foregoing matters will serve a useful purpose by clarifying and settling the legal relations and issues regarding any coverage or other obligations under the Landmark Policy with respect to the Flesch Lawsuit, Granny's Cross-Claim and any other matters.

55.    The entry of a Declaratory Judgment regarding the foregoing matters will terminate and afford relief to the parties from the uncertainty, insecurity and controversy relating to any coverage or other obligations under the Landmark Policy with respect to the Flesch Lawsuit, Granny's Cross-Claim and any other matters.

**WHEREFORE,** Landmark American Insurance Company, Plaintiff, prays that its Complaint be deemed to be good and sufficient, that summons be issued to MedStaff, Inc. and Granny's Alliance Holdings, Inc. along with a copy of this Complaint, and that after all legal delays and due proceedings, that the Court issue, render and enter a Judgment adopting and making the declaration of rights requested in this Complaint and/or in any amendment thereto. Landmark alternatively requests that the Court award and grant Landmark any other relief to which Landmark may be entitled based on this Complaint or any amendment thereto, or on any other legal, equitable or other grounds.  Landmark further requests that the Court award all costs

to Landmark, and grant and award attorney's fees and any other relief as allowed by any

applicable law.

Respectfully submitted,

/s/ George D. Fagan _____
**GEORGE D. FAGAN (#14260)**
**TIFFANY THOMAS SMITH (#32255)**
Leake & Andersson, L.L.P.
1100 Poydras Street
1700 Energy Centre
New Orleans, LA 70163-1706
Tel. (504) 585-7500
Fax: (504) 585-7775
Email: gfagan@leakeandersson.com
          tsmith@leakeandersson.com

*Attorneys for Landmark American*
*Insurance Company, Plaintiff*

**PLEASE ISSUE SUMMONS TO:**

MedStaff, Inc.,
through its registered agent
for service of process,
Marcus Majors
505 Church Street
Melville, Louisiana 71353

Granny's Alliance Holdings, Inc.,
through its registered agent
for service of process,
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

41769 / 465